

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 10, 1998

Mr. Delmar L. Cain
General Counsel
The Texas A&M University System
301 Tarrow, 6th Floor
College Station, Texas 77843-1230

Opinion No. DM-478

Re: Whether recently enacted Government Code section 551.126, an Open Meetings Act provision authorizing governmental bodies to hold meetings by videoconference call, applies to a governing board of an institution of higher education, and related questions (RQ-1040)

Dear Mr. Cain:

On behalf of the board of regents of The Texas A&M University System, you ask about the relationship between two sections of the Open Meetings Act -- Government Code section 551.126,[1] a recently enacted provision authorizing governmental bodies to hold meetings by videoconference call, and Government Code section 551.121, a ten-year-old provision authorizing a governing board of an institution of higher education to hold a meeting by telephone conference call in certain situations. You suggest that section 551.126 does not apply to any meeting of a governing board of an institution of higher education and that any meeting of a governing body of an institution of higher education conducted by videoconference call is governed only by section 551.121. We conclude that both sections apply to a governing body of an institution of higher education.

Chapter 551 of the Government Code, the codification of the Open Meetings Act, subchapter F, contains several provisions permitting meetings by teleconference and videoconference. Section 551.121, which was enacted in 1987,[2] authorizes the governing board of an institution of higher education to conduct a meeting by telephone conference call under certain conditions. It provides in pertinent part as follows:

> (b) This chapter does not prohibit the governing board of an institution of higher education from holding an open or closed meeting by telephone conference call.

---

[1]The Seventy-fifth Legislature enacted two provisions currently codified as Government Code section 551.126. Throughout this opinion, we address only section 551.126 as enacted by Act of May 30, 1997, 75th Leg., R.S., ch. 1038, 1997 Tex. Gen. Laws 3896, 3896 (eff. Sept. 1, 1997).

[2]*See* Act of June 1, 1987, 70th Leg., R.S., ch. 964, § 4, 1987 Tex. Gen. Laws 3282, 3283.

(c) A meeting held by telephone conference call may be held only if:

(1) the meeting is a special called meeting and immediate action is required; and

(2) the convening at one location of a quorum of the governing board is difficult or impossible.

(d) The telephone conference call meeting is subject to the notice requirements applicable to other meetings.

(e) The notice of the telephone conference call meeting must specify as the location of the meeting the location where meetings of the governing board are usually held. For a meeting of the governing board of a university system, the notice must specify as the location of the meeting the board's conference room at the university system office.

(f) Each part of the telephone conference call meeting that is required to be open to the public shall be audible to the public at the location specified in the notice of the meeting as the location of the meeting and shall be tape recorded. The tape recording shall be made available to the public.

Gov't Code § 551.121.

Recently enacted section 551.126, which authorizes videoconference call meetings, applies to governmental bodies generally, providing in pertinent part:

(a) Except as otherwise provided by this section, this chapter does not prohibit a governmental body from holding an open or closed meeting by videoconference call.

(b) A meeting may be held by videoconference call only if a quorum of the governmental body is physically present at one location of the meeting.

(c) A meeting held by videoconference call is subject to the notice requirements applicable to other meetings in addition to the notice requirements prescribed by this section.

(d) The notice of the meeting to be held by videoconference call must specify as a location of the meeting the location where a quorum of the governmental body will be physically present and specify the intent to have a quorum present at that location. In addition, the notice of the meeting must specify as a location of the meeting each other location where a member of

the governmental body who will participate in the meeting will be physically present during the meeting. Each of the locations shall be open to the public during the open portions of the meeting.

(e) Each portion of a meeting held by videoconference call that is required to be open to the public shall be visible and audible to the public at each location specified under Subsection (d).

(f) The governmental body shall make at least an audio recording of the meeting. The recording shall be made available to the public.

(g) Each location specified under Subsection (d) shall have two-way communication with each other location during the entire meeting. Each participant in the videoconference call, while speaking, shall be clearly visible and audible to each other participant and, during the open portion of the meeting, to the members of the public in attendance at the location of the meeting.

*Id.* § 551.126. Subsections (h) and (i) govern the quality of audio and video signals. Subsection (j) permits a governmental body to allow a member of the public to testify at a meeting from a remote location by videoconference call, without regard to whether a member of the governmental body is participating from a remote location.

To summarize the pertinent highlights of these provisions, section 551.121 authorizes the governing board of an institution of higher education to hold a meeting by telephone conference call only if the meeting is a special called meeting regarding a matter requiring immediate action and it is difficult or impossible to convene a quorum of the governing board in one location. The open portions of the telephone conference call meeting must be audible to the public at the location the governing board usually meets. Section 551.121 contemplates that a quorum of the governing board is not present in one location. Section 551.126, on the other hand, authorizes any governmental body to hold any meeting, not just a special called meeting, by videoconference call if a quorum of the governmental body is present at one location. Any open portion of the meeting must be open to the public, not only at the location of the quorum, but also at every remote location from which a member participates. There must be two-way video communication between all locations.

The Texas A&M University System suggests that section 551.126 is inapplicable to governing boards of institutions of higher education because section 551.121 is specific to such bodies and predates section 551.126. We see no reason to exclude governing boards of institutions of higher education from the scope of section 551.126. First, a governing board of an institution of higher education is a "governmental body" within the meaning of section 551.126.[3] Furthermore, sections 551.121 and 551.126 in no way conflict. Section 551.121 allows a governing board of an

---

[3]*See* Gov't Code § 551.001(3)(A) (definition of "governmental body").

institution of higher education to conduct a meeting by telephone conference call in certain very limited circumstances -- when a quorum cannot be present for a special called meeting regarding a matter requiring immediate action. Section 551.126 is broader, applying to governmental bodies generally, and authorizing any meeting by videoconference call if a quorum of the governmental body is present in one location and the governmental body adheres to various special requirements. Government Code section 551.125, which also predates[4] section 551.126, is quite similar to section 551.121, authorizing governmental bodies to hold emergency meetings by telephone conference call when it is difficult or impossible to convene a quorum in one location. The availability of telephone conference call meetings to all governmental bodies further supports our conclusion that the legislature intended the telephone conference call statutes and section 551.126 to be read together to apply to different types of meetings -- a special or emergency meeting where a quorum cannot be present in one location in the case of the telephone conference call statutes and a regular meeting where a quorum is present in one location in the case of section 551.126.

The Texas A&M University System asks if it may hold a regular meeting, at which a quorum is present but at which other members are unable to personally attend, with participation of the nonpresent members by telephone. We conclude that it may not. The Open Meetings Act contemplates that members of a governmental body participating in a meeting must be physically present unless expressly authorized to participate by other means. *See* Attorney General Opinions DM-207 (1993), JM-584 (1986). Thus, this office has concluded that in the absence of specific legislative authorization, a member may not participate in a meeting via telephone conference call or video transmission. *See id.* We believe such legislative authorizations must be strictly construed and may not be expanded to allow exceptions not expressly contemplated and authorized by the legislature. Section 551.121 permits The Texas A&M University System board of regents to conduct a meeting by telephone conference call only if the meeting is a special called meeting regarding a matter requiring immediate action and it is difficult or impossible to convene a quorum of the board at one location. Section 551.121 did not apply to regular meetings of the board regents before the enactment of section 551.126 and it does not apply to regular meetings now. If the board of regents wishes to allow nonpresent members to participate in a regular meeting from a remote location, it must do so by videoconference call under section 551.126. A quorum of the board of regents must be present in one location and members of the public must have access to all locations.

We have also been asked if the governing board of an institution of higher education may "continue to use real-time videoconferencing as a means of holding board meetings under the authority granted to such boards to hold telephonic meetings" under section 551.121. This question requires us to address two issues: first, whether videoconference call technology may be used for a section 551.121 meeting, and, if so, whether a videoconference call meeting under section 551.121 must adhere to section 551.126 requirements, such as public access to remote locations or transmission quality standards, which section 551.121 does not impose.

---

[4]Government Code section 551.125 was enacted in 1995. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1046, 1995 Tex. Gen. Laws 5193, 5193.

With respect to the first issue, section 551.121 authorizes a special called meeting by a specific technology -- telephone conference call. As noted above, we believe section 551.121 must be strictly construed. Thus, we conclude that a section 551.121 meeting must be conducted by the technology specified by the legislature -- telephone conference call. Whether a specific technology constitutes a telephone conference call is a question of fact beyond the purview of this office. It may be the case that The Texas A&M University System video network uses the same technology as a telephone conference call, transmitting both an audio and a video signal. In that case, we believe section 551.121 would be satisfied by use of the video network. If the technologies are different, we see no reason why The Texas A&M University System board of regents could not use both technologies in tandem. Use of telephone conference call technology would satisfy section 551.121, and section 551.121 certainly does not preclude the use of additional technologies that provide additional access to the public. We do not believe, however, that the video network may be used in lieu of a telephone conference call if the technologies are different.[5]

With respect to the second issue, assuming that the video network may be used to conduct a section 551.121 meeting, we do not believe the meeting is subject to section 551.126 requirements not applicable to a meeting under section 551.121. Thus, for example, the public need not be granted access to the remote locations nor must the transmission quality comport with section 551.126 standards. We stress, however, that section 551.121 only applies to a special called meeting regarding a matter requiring immediate action and for which it is difficult or impossible for a quorum of the board of regents to convene at one location.

In sum, section 551.121 permits a special called meeting of a governing board of an institution of higher education to be conducted by telephone conference call only if the meeting pertains to a matter requiring immediate action and it is difficult or impossible for a quorum to convene at one location. Section 551.126 permits any governmental body, including a governing board of an institution of higher education, to hold a meeting by videoconference call if a quorum is present in one location. A governing body of an institution of higher education may not conduct a regular meeting by telephone conference call. A section 551.121 special called meeting may be transmitted by video if the video transmission uses telephone conference call technology or is used in addition to telephone conference call technology.

---

[5]We have received a letter from your office describing the video network at issue, the Trans-Texas Videoconference Network. The letter states that the network "provides for real time audio and video transmission for multiple users. It operates using compressed video technology and telephone lines." Letter from Genevieve G. Stubbs, Associate General Counsel, The Texas A&M University System, Office of General Counsel (Jan. 9, 1998). This description suggests that the network uses telephone conference call technology. As noted above, however, whether a particular network uses telephone conference call technology is ultimately a fact determination and is therefore beyond the purview of an attorney general opinion. This determination must be made by The Texas A&M University System in the first instance.

## S U M M A R Y

Government Code section 551.126 permits any governmental body, including a governing board of an institution of higher education, to hold a meeting by videoconference call if a quorum is present in one location. Section 551.121 permits a special called meeting of a governing board of an institution of higher education to be conducted by telephone conference call only if the meeting pertains to a matter requiring immediate action and it is difficult or impossible for a quorum to convene at one location. A governing body of an institution of higher education may not conduct a regular meeting by telephone conference call. A section 551.121 special called meeting may be transmitted by video if the video transmission uses telephone conference call technology or is used in addition to telephone conference call technology.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General